**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Dominique Gerald Burns, Appellant.

Appellate Case No. 2021-000558

———————

Appeal From Lee County
Angela R. Taylor, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-274
Submitted June 17, 2022 – Filed June 29, 2022

———————

**AFFIRMED**

———————

Dominique Gerald Burns, of Bishopville, pro se.

Gamble Hartzell Anderson, of South Carolina
Department of Social Services, of Florence, for
Respondent.

———————

**PER CURIAM:** Dominique Gerald Burns appeals a family court order denying his motion to vacate an administrative order of default (the default order). On appeal, Burns argues the family court should have vacated the default order because the Department of Social Services (DSS) did not properly serve him under

Rule 4(d)(8), SCRCP, with a notice of a rescheduled negotiation conference, and thus, the family court lacked personal jurisdiction over him. We affirm pursuant to Rule 220(b), SCACR.

In November 2019, DSS served Burns with an initial notice of financial responsibility to pay support for his two minor children. Burns subsequently acknowledged receipt of the November 2019 notice of financial responsibility and appeared at the first scheduled negotiation conference on December 13, 2019. DSS was required to reschedule the December 13, 2019 conference because it had not served Burns thirty days in advance of the conference date. Accordingly, when serving the notice of the rescheduled negotiation conference date, DSS was only required to mail the notice to Burns's last known address in order to comply with the service requirements of South Carolina's Rules of Civil Procedure. *Compare* Rule 4, SCRCP (providing for the service of process for a summons and complaint) *with* Rule 5, SCRCP (addressing the process for serving "pleadings subsequent to the original summons and complaint" and "written notices"); *see also* Rule 5(b)(1) ("Service . . . upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address . . . ."); S.C. Code Ann. § 63-17-740 (2010) (providing DSS "shall serve a notice of financial responsibility on the obligor not less than thirty days before the date stated in the notice for the negotiation conference: (1) in the manner prescribed for service of process in a civil action; or . . . ."). Because DSS's certificate of mailing provided the notice of the rescheduled negotiation conference was "mailed in a sealed envelope, postage prepaid" to Burns's last known address, we hold the family court did not err by denying Burns's motion to vacate for lack of personal jurisdiction. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[A]n appellant is not relieved of his burden to demonstrate error in the family court's findings of fact. Consequently, the family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.